No. 83-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JAMES I. MESLER,

       Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County Cascade,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Mark Bauer, Great Falls, Montana

      For Respondent:

          Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana

---

Submitted on Briefs:  March 8, 1984

Decided:

Filed:  MAY 17 1984

*Ethel M. Harrison*

---
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court, Eighth Judicial District, Cascade County, denying James I. Mesler's petition for post conviction relief. We affirm.

On the morning of May 14, 1979, Mesler pointed a gun at a clerk in the Super America station in Great Falls and took less than $50 from the cash register. Within fifteen minutes of the robbery, Mesler was apprehended and taken back to the Super America station where the clerk identified him as the man who had robbed him at gunpoint. Mesler had been released from Idaho State Prison on parole eight days prior to the robbery. Subsequently, Mesler was charged by information with robbery. Prior to Mesler's trial, the defense counsel's motion to suppress a number of incriminating statements made by Mesler was denied. Following the District Court's denial of Mesler's motion for suppression of evidence, a plea bargain agreement was negotiated between Mesler, Mesler's counsel and the State. The plea bargain was set forth in a written agreement which was signed by the parties and filed with the District Court. Under the terms of the plea bargain agreement Mesler agreed to withdraw his plea of "not guilty" and to enter a plea of "guilty" to the charge of robbery. In exchange, the county attorney agreed to recommend that Mesler receive a sentence no greater than ten years without parole and that he not be designated a dangerous offender. An additional provision of the plea bargain permitted Mesler to withdraw his plea of guilty and to reinstate his plea of not guilty "in the event

the district court [did] not concur in the terms and conditions of [the] agreement and impose a ten year sentence without parole."

The District Court complied with the plea bargain in all particulars and entered a ten year sentence without parole while designating Mesler a non-dangerous offender. Mesler sought sentence review and the sentence was left as originally imposed.

Approximately nine months after he was imprisoned, Mesler filed a petition for a writ of habeas corpus with this Court. In that petition Mesler challenged the constitutionality of Section 46-18-202(2), MCA, which permits District Court judges to sentence persons convicted of felonies to imprisonment without parole or participation in the prisoner furlough program. This Court denied the petition. Cavanaugh and Mesler v. Crist (Mont. 1980), 615 P.2d 890, 37 St.Rep. 1461.

On August 12, 1982, Mesler filed a motion for post-conviction relief with the District Court seeking relief from confinement in the close custody unit of the prison and asking the District Court to allow him to withdraw his guilty plea and to vacate his conviction. Mesler asserted the State had violated the plea bargain because he had been held in close custody for twenty-four months. According to the administrative rules regarding classification of inmates in effect at the Montana State Prison, Mesler's "without parole" designation was determinative of his custody classification and the period of time that Mesler was required to spend in close custody. Dangerous offenders and those sentenced without eligibility

for parole had to serve twenty-four months in close custody and those classified as nondangerous were required to serve six months in close custody prior to being considered for transfer to lower custody levels.

After a hearing on the matter, the District Court entered its findings of fact and conclusions of law on May 11, 1983, and held: (1) Mesler fully understood the plea bargain agreement when he entered his plea of guilty and knew what the trade-offs were as well as the potential sentence had he gone to trial and been convicted; (2) no misrepresentation was made to Mesler; (3) neither the counsel for the State, counsel for Mesler, Mesler himself nor the District Court were aware of the prison regulations pertaining to close custody for inmates that were not eligible for parole; (4) the prison could impose such rules and regulations as it deemed reasonable with respect to incarcerating inmates if it did not violate specific Montana statutes; (5) the statute governing the "non-dangerous" designation makes no reference to prison custody levels; and (6) Mesler's request was moot because Mesler had already served his time in close custody and was no longer in the unit. Accordingly the District Court denied Mesler's petition for post-conviction relief. From the order of the District Court Mesler appeals.

Appellant asserts the District Court should have allowed him to withdraw his original guilty plea because the Montana State Prison violated the terms and conditions of the plea bargain by keeping him in close custody for twenty-four months. In addition, appellant argues he should at least be credited for the additional "good time" he could

-4-

have received had he been placed in close custody for six months before reclassification rather than twenty-four months before reclassification. Appellant bases this argument on Section 53-30-105, MCA, which provides for a maximum good time allowance of ten days per month for inmates assigned to close custody but a maximum of thirteen days per month for those classified as medium two and minimum security classifications.

A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. State v. McAllister (1934), 96 Mont. 348, 30 P.2d 821. Each case must be examined on its own record. The motion rests within the District Court's discretion and the exercise of that discretion will not be disturbed absent an abuse of discretion. State v. Haynie (1980), 186 Mont. 374, 607 P.2d 1128. State v. Nelson (1979), 184 Mont. 491, 603 P.2d 1050.

In the present case, the District Court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.

Section 46-18-404, MCA, provides for the designation of a person as a non-dangerous offender and states, "[t]he sentencing court shall designate an offender a non-dangerous offender for the purposes of eligibility for parole under part 2 of chapter 23." Section 46-23-201, MCA, states that prisoners sentenced under Section 46-18-202(2), MCA, are not eligible for parole consideration. Nothing is said about

-5-

how prisoners are to be incarcerated when committed to the prison without parole and designated non-dangerous.

The terms and conditions of the written plea bargain, which was signed by the appellant and his counsel, provided that the County Attorney agreed to recommend to the District Court that the appellant would receive no sentence in excess of ten years without parole. Nothing in the written plea bargain indicates there was a promise made to the appellant that certain conditions of incarceration would be adhered to in exchange for appellant's guilty plea. Nothing in the transcript of the August 30, 1979 hearing on the motion to change plea and impose sentence indicates appellant or his counsel believed or expected appellant was to be placed in close custody for six months rather than twenty-four months. Thus, the State did not violate any terms of the agreement which was relied upon by the appellant in entering into the plea bargain and for which withdrawal of appellant's plea might have been appropriate.

There are three important factors that should be considered when a defendant attempts to withdraw his guilty plea: (1) the adequacy of the District Court's interrogation at the time the plea was entered as to the defendant's understanding of the plea; (2) the fact the plea resulted from plea bargaining; and (3) the promptness of the motion to withdraw the plea. Nelson, supra, 603 P.2d at 1053. Factors (1) and (3) are pertinent in this case:

(1) The adequacy of the District Court's interrogation. The record shows the District Court thoroughly interrogated the appellant regarding his understanding and expectations of the plea bargain agreement. The appellant

expressed his understanding of the agreement several times and neither the appellant nor his counsel expressed any concerns or expectations about custody classification at the Montana State Prison. There is no question appellant was competent and satisfied with the competency of his defense counsel.

(3) The promptness of the motion to withdraw the plea. Appellant was sentenced to the Montana State Prison on August 30, 1979. Thus, appellant waited approximately three years to request withdrawal of his guilty plea. Moreover, in appellant's May 27, 1980 application for writ of habeas corpus challenging the constitutionality of his sentence, nothing is mentioned concerning an alleged failure of the State to abide by the terms and conditions of the plea bargain agreement. The record reflects that appellant's reasons for the omission in the May 27, 1980, writ of habeas corpus were "[e]xasperation, ignorance, oversight." Section 46-21-105, MCA provides:

> "What grounds for relief waived if not raised. All grounds for relief claimed by a petitioner under this chapter must be raised in his original or amended petition. Any grounds not so raised are waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. When a petitioner has been afforded a direct appeal of his conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in his original or amended petition."

The Commission Comments to Section 46-21-105, MCA indicate that the object of this section is to eliminate the unnecessary burden placed upon the courts by repetitious or specious petitions. Thus, the Commission Comments state,

"[i]t is highly desirable that a petitioner be required to assert all his claims in one petition. Unless good cause is shown why he did not assert all his claims in the original petition, his failure to assert them constitutes a waiver." Appellant has failed to demonstrate good cause why he did not assert in his petiton for habeas corpus the State's alleged failure to abide by the plea bargain agreement.

Appellant argues he is entitled to additional good time because he should have been held in close custody for only six months and would have been earning three more days of good time per month after that time. There is no guarantee that appellant would have been held in close custody for only six months even if the prison custody classification system would have been applied as appellant asserts it should have been applied. Prison officials take numerous factors into consideration before reclassification occurs including: institutional misconduct, work record, criminal charges while incarcerated, involvement with drugs and alcohol, length of sentence and an inmate's physical and mental well being. We cannot now speculate as to what the prison officials decision may have been regarding the appellant's reclassification.

Finally, appellant argues that the District Court erred in holding his petition moot based on the fact that the appellant is no longer in the close custody security unit of the Montana State Prison. Appellant bases this argument on his assertion that the State has deprived him of the additional three days per month good time he could have received had be been placed in close custody for six months rather than twenty-four months prior to reclassification. A

case is "moot" when it no longer presents a justiciable controversy because issues involved have become academic or dead. Sigma Chi Fraternity v. Regents of University of Colorado (1966), 258 F.Supp. 515. Our previous discussion concerning appellant's alleged good time and the fact that appellant is no longer being held in close custody indicates the District Court did not err in its decision.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-9-