No. 90-608

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

    Plaintiff and Respondent,

-vs-

EDWARD F. MILLER,

    Defendant and Appellant.

FILED

APR 29 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Maurice R. Colberg, Jr., Judge
presiding.

COUNSEL OF RECORD:

    For Appellant:

    Arthur J. Thompson, Billings, Montana

    For Respondent:

    Hon. Marc Racicot, Attorney General; Paul D.
Johnson, Assistant Attorney General, State of
Montana, Helena, Montana; A. W. Kendall, County
Attorney, Red Lodge, Montana.

Submitted on Briefs: March 14, 1991

Decided: April 29, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The defendant Edward F. Miller appeals the order of the Montana Thirteenth Judicial District Court denying his motion to withdraw his plea of guilty. The issue raised on appeal is whether such denial constitutes an abuse of discretion by the District Court. We affirm.

Miller was charged with one count of assault and two counts of sexual assault, all felonies. He appeared before the District Court on April 23, 1990 and moved to withdraw his earlier plea of not guilty and replace it with a guilty plea. The record indicates that Miller and the State had entered a plea bargain agreement whereby in exchange for Miller's plea of guilty, the county attorney agreed to recommend two three-year deferred sentences for sexual assault, and one four-year deferred sentence for assault, all to run consecutively. Miller entered pleas of guilty to all counts pursuant to North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d. 162, maintaining his innocence but conceding that the State had sufficient evidence to convict him.

A presentence investigation and report was ordered, and sentencing was scheduled to take place on May 29, 1990. On that date, Miller's attorney, Gary Spaeth, moved to withdraw as counsel. The motion was granted, Miller asked for appointed counsel, and Arthur J. Thompson was appointed as counsel of record. Miller also indicated at this time that he wished to change his plea to not guilty. On June 18, 1990, Miller's new counsel filed a motion to withdraw his guilty plea.

2

A hearing was held on June 25, 1990, before the District Court. Originally scheduled as a sentencing hearing, the court now took up the matter of Miller's motion to withdraw his guilty plea, and scheduled an evidentiary hearing on the matter for July 23, 1990. After the hearing the court denied the motion to withdraw the plea on August 2, 1990.

At sentencing on October 22, 1990, the court took note of the plea agreement and sentencing recommendation in the pre-sentence report. The court chose not to follow the recommendations made by the county attorney. It sentenced Miller to three years in the Montana State Prison on each of the three charges, to run consecutively, for a total of nine years. The court then suspended all of the sentence except for one year.

Miller moved the court for a stay of execution of the sentence pending appeal of the court's order denying the motion to withdraw the guilty plea. The court granted the stay. We now consider Miller's appeal of the court's denial of the motion to withdraw his plea.

Section 46-16-105, MCA, provides:

**46-16-105. Plea of guilty.** (1) Before or during trial, a plea of guilty may be accepted when:
(a) the defendant enters a plea of guilty in open court; and
(b) the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea.
(2) At any time before or after judgment the court may, for good cause shown, permit the guilty plea to be withdrawn and a plea of not guilty substituted.

It is important to note that when a plea of guilty is accepted

pursuant to an agreement between the defendant and the State, the trial court is not bound by that agreement. Section 46-12-204(3)(a), MCA. However, in this case, Miller moved to withdraw his plea prior to the District Court imposing a different sentence than the one recommended by the prosecutor. At the hearing on his motion to withdraw, Miller alleged that he had first retained a Colorado attorney, Rowe Stayton, as counsel, and then Mr. Spaeth was hired to act as local counsel. He further alleged that Mr. Stayton recommended that he enter the plea agreement, but failed to correctly inform him of some the consequences of his plea. In particular, Miller alleged that he was not informed that he would have to report to a probation officer, he would be unable to leave the state freely, and that he might not be allowed to own a firearm.

Three factors should be considered when determining whether a defendant's guilty plea should be withdrawn:

> 1. The adequacy of the District Court's interrogation as to the defendant's understanding of the plea;
> 2. The promptness of the motion to withdraw the prior plea;
> 3. The fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

State v. Long (1987), 227 Mont. 199, 201, 738 P.2d 487, 489. Absent an abuse of discretion, a trial judge's decision not to allow the withdrawal of a guilty plea will be affirmed. Long, 738 P.2d at 489. Here, the defendant's motion was promptly made. Also, there is no question that the District Court's interrogation of Miller regarding his plea was adequate. The court fully

4

informed the defendant of the consequences of his plea and of the maximum penalty provided by law which could be imposed upon acceptance of the plea. The court also informed and the defendant understood that the court was not bound by the plea bargain agreement. Thus, we now consider the third factor, that the plea was entered pursuant to a plea bargain agreement, and consider whether the defendant has shown "good cause" for withdrawing his plea. Section 46-16-105(2), MCA.

We recently reviewed the subject of a defendant's request to withdraw a guilty plea in Benjamin v. McCormick (1990), 243 Mont. 252, 792 P.2d 7. "When a guilty plea is based upon a fundamental mistake or misunderstanding as to its consequences, the sentencing court, at its discretion, may allow the defendant to withdraw the plea." Benjamin, 792 P.2d at 10. We further noted:

> A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. Each case must be examined on its own record. The motion rests with the District Court's discretion and the exercise of that discretion will not be disturbed absent an abuse of discretion.

Benjamin, 792 P.2d at 10, quoting State v. Mesler (1984), 210 Mont. 92, 96, 682 P.2d 714, 716. The fundamental purpose of allowing a defendant to withdraw a guilty plea is to prevent the possibility of convicting an innocent man. State v. Pelke (1964), 143 Mont. 262, 271, 389 P.2d 164, 169. Accordingly, a plea of guilty will be deemed involuntary where it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or

5

serious mental condition that the possibility exists he may have pled guilty to a crime of which he is innocent. State ex rel Gladue v. Eighth Judicial District (1978), 175 Mont. 509, 511, 575 P.2d 65, 66; Pelke, 389 P.2d at 169.

In Benjamin, the record contained sufficient evidence to establish that the sentencing court, prosecutor, and defense counsel all apparently failed to recognize that the sexual offender program lasted two years after assuring the defendant he would be incarcerated for only one year pursuant to a plea agreement. We affirmed the District Court's holding that the plea was based on error, and affirmed the court's order releasing defendant on parole after one year. Benjamin, 792 P.2d at 10. Similarly, in Gladue, we allowed the defendant to withdraw his earlier plea of guilty. There, the record contained sufficient evidence that the defendant had always maintained his innocence and pled guilty only after his attorney told him that he did not feel that he had a very good chance in a jury trial. The evidence indicated that the defendant felt that he could not prove himself innocent after the codefendant in the case had pled guilty. This Court held that such evidence raised serious questions about whether defendant's guilty plea was given voluntarily and not allowing the defendant to withdraw the plea was an abuse of discretion. Gladue, 575 P.2d at 67.

In the case at bar, we hold that the District Court did not abuse its discretion in denying the defendant's motion to withdraw his plea. Here, the record does not contain similar evidence of a fundamental mistake or strong inducement. The fundamental mistake complained of by Miller was the alleged omission of relatively minor points regarding the terms of his probation under

6

the deferred sentences. Miller allegedly understood that such terms would have permitted him to travel freely from Montana into Wyoming, possibly own a firearm, and not require him to report to a probation officer. Considering the nature of these terms, the mistake alleged in this case does not amount to a "fundamental" mistake as in <u>Benjamin</u>, where the misunderstanding led the defendant to unknowingly subject himself to an additional year of incarceration. Nor can we find an abuse of discretion by the District Court in holding that these relatively minor terms of probation, that Miller allegedly thought he would receive pursuant to the plea bargain agreement, were significant enough to induce him to plead guilty to a crime of which he was innocent. The District Court did not abuse its discretion in refusing to allow the defendant to withdraw his plea of guilty.

**AFFIRMED.**

Justice

We Concur:

Chief Justice

Justices

7