JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority. I would reverse the District Court’s denial of defendant’s motion to withdraw his guilty plea because I conclude that in denying that motion the District Court abused its discretion.
The defendant’s guilty plea is referred to in the vernacular of criminal lawyers as an Alford plea. It was entered pursuant to the United States Supreme Court’s decision in North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d. 162. In that case the Supreme Court held that: *107 An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.
Alford, 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed. 2d at 171.
The problem is that the profession of innocence which can be maintained concurrently with an Alford plea of guilt has adverse consequences for any person convicted of a sexual offense. In this case, the District Court’s failure to explain those adverse consequences was compounded by representations from the defendant’s attorney which actually misled him concerning the consequences of his plea.
This Court knows about and cannot ignore the realty of sex offender therapy. The fact is, under the current state of the art, no person in Montana can receive sex offender therapy unless he or she is willing to admit that they committed the sexual offense with which they are charged. We know that that is true whether the treatment occurs inside the Montana State Prison or outside its confines.
In State v. Donnelly (1990), 244 Mont. 371, 798 P.2d 89, the defendant was convicted of incest and sentenced to imprisonment at the Montana State Prison. The District Court also ordered that he would be ineligible for parole until successful completion of the sexual offender program at the prison. On appeal, the following facts were undisputed:
[I]n order to be accepted into the sexual offender program and receive treatment, defendant must admit to incest of which he was convicted. Defendant contends that if he does not admit to incest, he will be denied treatment, and thus denied parole.
Donnelly, 798 P.2d at 95.
In that case, we held that conditioning parole on defendant’s completion of the sexual offender program under those circumstances did not violate his privilege against self-incrimination.
In State v. Imlay (Mont. 1991), [249 Mont. 82,] 813 P.2d 979, 48 St.Rep. 588 [Cert. granted, 112 S.Ct. 1260] the defendant’s prison sentence was suspended on the condition that he complete a sex offender treatment program outside the prison. However, that suspended sentence was revoked when the defendant was repeatedly rejected from sex offender treatment programs in Montana due to the fact that he denied committing the acts for which he was convicted. Testimony from Michael Sullivan, the social worker who had at *108 tempted to treat the defendant in that case, was summarized as follows in our decision:
Sullivan testified that the defendant’s denial made it impossible for him to treat him in their program. He also testified that there was no other outpatient sexual therapy program in the State of Montana which would treat a sexual offender who denied that he was guilty of sexual misconduct.
Imlay, 813 P.2d at 982, [Cert. Granted, 112 S.Ct. 1260.
The point of mentioning what we know about treatment of sexual offenders is simply this: The sentence imposed on someone who pleads guilty to sexual assault is largely dependent on the presentence investigation. Section 46-18-111, MCA (1989). The presentence investigation must include an evaluation and recommendation regarding the defendant’s suitability for treatment. Any person who denies guilt is not a candidate for treatment and is therefore unlikely to have his sentence suspended and is unlikely to be paroled once he arrives at the prison. None of these facts were explained to the defendant prior to the entry of his Alford plea.
Because the above circumstances were not explained to the defendant and because he was actually misled regarding the consequences of his plea, a change of plea should have been permitted.
In Benjamin v. McCormick (1990), 243 Mont. 252, 792 P.2d 7, the defendant was led to believe that by entering a plea of guilty to deviate sexual conduct in violation of § 45-5-505, MCA, he would serve no longer than one year in prison. However, a condition of his prison sentence was that he also enroll in and successfully complete the sexual offender program. The problem that he learned of upon entering the prison was that the sexual offender program could not be completed in one year and that he would therefore have to serve a minimum of two years in prison. In that case, the District Court ordered the defendant’s release on probation and we affirmed. However, in doing so we reasoned that the same result would occur under the rules pertaining to the withdrawal of guilty pleas. In language that is relevant to this case, we stated:
The primary issue in this case is whether Benjamin voluntarily and knowingly entered his plea of guilty. Before accepting a guilty plea, the sentencing court must determine that the plea is “voluntary with an understanding of the charge,” § 46-12-204(2), MCA, and the court must inform the defendant of “the consequence of his plea ...,” § 46-16-105(l)(b), MCA. The law does not require the sentencing court to educate the defendant on all aspects of the *109 relevant law before accepting a guilty plea. However, when the guilty plea is based upon a fundamental mistake or misunderstanding as to its consequences, the sentencing court, at its discretion, may allow the defendant to withdraw the plea.
A change of plea will be permitted only if it fairly appears the defendant was ignorant of his rights and the consequences of his act, or he was unduly and improperly influenced either by hope or by fear in making the plea, or if it appears the plea was entered under some mistake or misapprehension. Each case must be examined on its own record. The motion rests within the District Court’s discretion and the exercise of that discretion will not be disturbed absent an abuse of discretion.
State v. Mesler (1984), 210 Mont. 92, 96, 682 P.2d 714, 716 (citation deleted).
In this case, Benjamin’s guilty plea was based on error. Both the sentencing court and the habeas corpus court found that Benjamin was misinformed as to the consequences of his plea. The record contains sufficient evidence to establish that the sentencing court, prosecutor and defense counsel all apparently failed to recognize that the sexual offender program lasted two years and assured the defendant that he would be incarcerated for only one year.
The usual remedy for a guilty plea that is not voluntarily or knowingly made is to allow the defendant to withdraw the plea. In this case, however, the habeas corpus court exercised its discretion to order Benjamin’s release on probation.
Benjamin, 792 P.2d at 10.
It is likewise clear in this case, that the defendant was ignorant of the consequences of his plea, unduly influenced by hope that his plea would avoid incarceration, and mistaken in that understanding.
The majority states that “[t]here is nothing in the record to establish that the defendant’s plea was based upon a fundamental mistake or misunderstanding as to its consequences.”
That statement is clearly incorrect. At the hearing on defendant’s motion to withdraw his plea, the attorney who represented him at the time the plea was entered testified. When asked what explanation he gave to the defendant regarding an Alford plea, he explained that he told the defendant it was like nolo contendere. He told the defendant that he could maintain his innocence but agree that there was sufficient evidence to convict him. More critically, he explained that if the defendant went to trial and was convicted, he was more likely to go to prison than if he entered this plea. He led the defendant to *110 believe that if an Alford plea was entered there would be a presentence investigation and a sex offender evaluation which, if favorable, would create a possibility that the defendant could avoid prison. However, he failed to explain that there was no possibility of a favorable sex offender evaluation if the defendant continued to maintain his innocence. The defendant’s attorney gave the following testimony:
Q. And let’s reiterate again, what your advice was to him concerning the Alford plea. As I understand your testimony, you’re suggesting — or you told Cameron that if you went to trial and if he was found guilty, that there was a good chance after the Judge had heard the victims testify that the Judge would be more inclined to send him to prison?
A. That’s correct.
Q. But, that if he pled guilty, and that he had a good evaluation, a good presentence report, that it was possible that you could make an argument that he could avoid going to prison.
A. I told him I would ask to keep him out of prison.
There could not be any clearer evidence that the defendant misunderstood the consequences of his plea. In summary, he was led to believe that he could plead guilty but still maintain his innocence. He was further led to believe that by pleading guilty the court would be less likely to sentence him to prison. However, by pleading guilty to a sex offense and refusing to admit that he actually committed the offense, he disqualified himself from sex offender treatment and guaranteed himself not only a prison sentence, but a longer prison sentence than he would otherwise have to serve. Under these facts, and our prior case law regarding withdrawal of guilty pleas, the District Court abused its discretion by denying defendant the right to withdraw his guilty plea. That does not mean that the defendant, if guilty, avoids accountability for his wrongful act, it simply means that the State should have to prove his guilt, as it was apparently prepared to do, without the assistance of the defendant’s plea which was induced by misinformation.
For these reasons I would reverse the judgment of the District Court based on the first issue raised by the defendant, and therefore, do not address the remaining issues raised on this appeal.
JUSTICES GRAY and HUNT concur with the foregoing dissent of JUSTICE TRIEWEILER.