No.   91-455

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

          Plaintiff and Respondent,

-vs-

DIANE BULL COMING,

          Defendant and Appellant.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Richard G. Phillips, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Diane Bull Coming, Pro Se, Warm Springs, Montana

      For Respondent:

      Hon. Marc Racicot, Attorney General; Clay R. Smith,
Solicitor, Helena, Montana
Keith D. Haker, Custer County Attorney, Miles City,
Montana

**FILED**

Filed: APR 3 0 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   April 2, 1992

Decided:   April 30, 1992

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The defendant, Diane Bull Coming, appeals from an order of the District Court of the Sixteenth Judicial District, Custer County, which denied her petition for postconviction relief. We affirm.

The issues on appeal are:

1. Did the District Court err in dismissing the defendant's petition to modify her sentence?

2. Did the District Court abuse its discretion in dismissing the defendant's petition if the petition is viewed as requesting withdrawal of her guilty plea?

The defendant entered a guilty plea to robbery in violation of §§ 45-5-401(1)(a) and 45-2-302(3), MCA, pursuant to a plea agreement. She was sentenced on July 15, 1988, to 40-years' imprisonment at the Montana State Women's Prison with the following conditions: (1) nondangerous offender status for parole eligibility purposes; (2) waiver of the right to seek sentence review under § 46-18-903, MCA; and (3) evaluation for alcohol and chemical dependency and, if found dependent, participation in an appropriate treatment program prior to release from prison. The plea agreement, guilty plea and sentence arose from the defendant's involvement in the kidnapping, robbery and homicide of John Etchemendy, Jr. on October 17, 1987. See State v. Kills on Top (1990), 243 Mont. 56, 793 P.2d 1273, cert. denied, ___ U.S. ___, 111 S.Ct 2910, 115 L.Ed.2d 1073 (1991); State v. Kills on Top (1990), 241 Mont. 378, 787 P.2d 336.

The defendant filed a document pro se entitled "Petition for

2

Amendment of Sentence" on May 22, 1991. The petition requested that her sentence be reconsidered and that the remaining period of incarceration be suspended. As grounds for her request, she alleged that the sister of her court-appointed attorney employed her at one time; that her attorney's family had social and business ties with the victim's family; and that she had never "been involved with criminal court procedures" and "did not understand most of the proceedings held." She also alleged that her attorney failed to explain adequately "the meaning and importance of any and all procedures" and that he became the deputy county attorney approximately one month after her incarceration at the State Prison. The defendant further alleged various facts which she claimed would have resulted in a more favorable sentence. The District Court treated the document as a petition for postconviction relief and ordered a response from the State.

In its response, the State presented the transcript of the defendant's May 13, 1988 change-of-plea hearing. The transcript established that the defendant and the State had agreed that the defendant would testify in several other state court proceedings arising from the victim's kidnapping, robbery and homicide, plead guilty to robbery and waive any right to sentence review. In return, the State would dismiss two aggravated kidnapping counts, secure commitments from federal and Wyoming officials not to prosecute her for crimes allegedly committed in their jurisdictions during the criminal episode and recommend 40-years' imprisonment with nondangerous offender status for parole eligibility purposes.

3

The State also presented the affidavit of the defendant's attorney which stated that he represented her between the fall of 1987 and her sentencing date in July 1988, had not known the victim and had no business relationship with the victim's family prior to or during his representation of the defendant. He also stated that he had first discussed employment as a deputy county attorney in December 1988 and began employment in that position the following month.

The District Court dismissed the petition on July 22, 1991. Based on its review of the record, the court concluded that the defendant did not establish ineffective assistance of counsel and that "[t]he transcript of the hearing at which the guilty plea was entered clearly showed that the Defendant acknowledged her knowledge of the plea agreement and that it was voluntary." The defendant appealed.

I.

Did the District Court err in dismissing the defendant's petition to modify her sentence?

The defendant admits on appeal that her sole objective in filing the petition was to secure suspension of the remaining portion of her 40-year sentence. Section 46-21-101(1), MCA, sets forth the circumstances under which postconviction relief can be granted. Under this statute, the court may "vacate, set aside, or correct" a sentence which is found to be invalid in some respect.

The defendant does not dispute that her 40-year sentence falls within the statutory maximum for robbery as provided by § 45-5-

4

401(2), MCA. In addition, the defendant does not allege that the District Court abused its discretion in imposing a 40-year sentence with no suspended period. The defendant's only allegations are a conflict of interest and ineffective assistance of counsel on the part of her attorney. Because the defendant seeks to suspend her sentence but not to challenge its validity, the allegations do not provide a basis for postconviction relief under § 46-21-101, MCA. Accordingly, we hold that the District Court did not err in dismissing the defendant's petition to modify her sentence.

## II.

Did the District Court abuse its discretion in dismissing the defendant's petition if the petition is viewed as requesting withdrawal of her guilty plea?

Section 46-16-105(2), MCA, provides that "[a]t any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The determination of good cause is within the district court's discretion; absent an abuse of that discretion, this Court will uphold the district court's refusal to permit the withdrawal of a guilty plea. State v. Miller (1991), 248 Mont. 194, 197, 810 P.2d 308, 310. The existence of good cause for the withdrawal of a guilty plea is determined by reference to (1) the adequacy of the court's interrogation as to the defendant's understanding of the plea; (2) the promptness of the defendant's attempt to withdraw the plea; and (3) the fact that the defendant's plea was the result of a plea bargain. State v. Walker (1986), 220

Mont. 70, 72, 712 P.2d 1348, 1350. Applying these factors, no abuse of discretion has been established.

The transcript of the change-of-plea hearing reveals an extensive examination by defense counsel, the prosecution and the District Court concerning the defendant's understanding of the plea agreement's terms and consequences. In response to every inquiry, the defendant stated that she understood the substantive rights being waived and that, in exchange for the State's promises, she would assist in the remaining state prosecutions and plead guilty to the robbery count. She was fully aware that the court was not bound by the State's sentencing recommendations and that no promises could be made with respect to when she would be paroled. The defendant specifically concurred in the recommended 40-year sentence and expressly waived the right to sentence review. She also testified that she had reviewed the plea agreement, had no questions concerning it and was satisfied with the services of her attorney. Nothing in the record before us establishes that the defendant was ill-advised as to the guilty plea or that she evinced any confusion over the plea's attendant benefits and detriments. Nor does the record indicate that she was ignorant of her rights or the consequences of her act.

Finally, the defendant waited almost three years before filing her petition for postconviction relief and offered no explanation for the delay. This suggests that the petition was not the result of a bona fide claim that the defendant misapprehended the plea agreement but rather that she merely desired to alter the

6

agreement. We hold that the District Court did not abuse its discretion in dismissing the defendant's petition if the petition is viewed as requesting withdrawal of her guilty plea.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices