No. 92-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

WILLIAM B. RIES,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Brett C. Asselstine, Attorney at Law, Great Falls,
Montana

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General, Patricia
J. Jordan, Assistant Attorney General, Helena
Montana
Patrick L. Paul, Cascade County Attorney, Great
Falls, Montana

FILED

MAR 1 9 1993

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: March 11, 1993

Decided: March 19, 1993

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

William B. Ries appeals from the denial of his motion to withdraw guilty pleas by the Eighth Judicial District Court, Cascade County. We affirm.

Appellant Ries was charged by information with felony counts of sexual intercourse without consent and kidnapping. He entered pleas of not guilty and counsel was appointed to represent him. Following a change of counsel, Ries entered into a written acknowledgement of waiver of rights by plea of guilty and a plea agreement. The court accepted and entered his guilty pleas after a change of plea hearing.

Subsequent to entry of the guilty pleas, but prior to sentencing, Ries retained counsel and filed a motion to withdraw his guilty pleas. The District Court heard testimony on the motion and denied it. Ries was sentenced to a total of fifty years' imprisonment, with ten years suspended, and designated a dangerous offender. He appeals from the order of the court denying his motion.

The sole issue before us is whether the District Court abused its discretion in denying the motion to withdraw guilty pleas.

Montana law permits the withdrawal of a guilty plea on a showing of good cause; the language of the statute is permissive and, absent an abuse of discretion, we will not overturn the district court. Section 46-16-105(2), MCA; State v. Miller (1991), 248 Mont. 194, 196-197, 810 P.2d 308, 309.

Three factors are to be considered in determining whether good

2

cause exists to permit a criminal defendant to withdraw a guilty plea: (1) the adequacy of the court's interrogation as to the defendant's understanding of the plea at the time it was entered; (2) the promptness of the motion to withdraw the plea; and (3) whether the plea was the result of a plea bargain in which another charge was dismissed. Miller, 810 P.2d at 309. Here, neither the second nor the third factors are in dispute: the motion to withdraw was made promptly, and the plea was in exchange for the prosecution's agreement not to charge Ries with two similar offenses involving children; a sentencing recommendation was also part of the plea bargain.

While conceding that the District Court adequately advised him of his rights at the time of his entry of the guilty pleas, Ries contends that he did not make informed guilty pleas. The transcript reflects otherwise. The District Court engaged in a lengthy interrogation of Ries at the hearing regarding his change of plea. That extensive interrogation included Ries' understanding of the charges and the plea agreement, his admission of the facts on which the charges were based, the voluntariness of the guilty pleas, the maximum sentence which could be imposed, the waiver of his constitutional rights to confront and cross-examine, and other matters.

As grounds for the motion to withdraw his guilty pleas at the District Court, repeated here on appeal, Ries argues first that he was under the influence of prescription pain medication or in severe pain at the time of the change of plea, resulting in his

3

inability to understand the consequences of his actions at that time. He contends that sufficient question was raised at the change of plea hearing as to his medication and state of mind at the time he entered the pleas to allow him to withdraw the pleas.

At the hearing on Ries' motion, the District Court heard testimony on Ries' behalf from Ries himself, a psychologist whose testimony did not relate to the motion, and a detention officer from the county jail whose testimony related to the timing of Ries' doses of Darvocet, a pain medication. The prosecution presented testimony from Ries' counsel at the time of the plea agreement and change of plea, a supervisor at the county jail who had reviewed Ries' medication records, and a pharmacist who testified that mental confusion is not a common side effect of taking Darvocet. On the basis of the testimony, the District Court denied Ries' motion.

We have reviewed the transcripts from both the change of plea hearing and the hearing on the motion to withdraw pleas and we conclude that Ries entered the guilty pleas knowingly and voluntarily, with understanding of the consequences of his actions. The record of the change of plea hearing, summarized above, also contains the following exchange between the court and Ries with specific regard to his medication and mental state at that time:

> THE COURT: Are you presently under any medication, taking any kind of medication?
>
> THE DEFENDANT: Not at this moment, Your Honor.
>
> THE COURT: Is your mind clear?
>
> THE DEFENDANT: Yes, sir.

4

THE COURT: You understand what you're doing?

THE DEFENDANT: Yes, I do.

THE COURT: And you still want to go forward with this plea agreement in spite of all the information you've been given here this morning?

THE DEFENDANT: Yes, I do. I'm looking forward to the help.

It is clear that the court's overall interrogation of Ries as to his understanding to the pleas and their consequences was adequate; indeed, Ries' medication and mental state relating to any medication were specifically inquired into at the time the District Court accepted his guilty pleas. Thus, the first Miller factor is met here.

Furthermore, the transcript of the hearing on Ries' motion reveals not only that the medication at issue does not cause mental confusion, but also that Ries was not on, or under the influence of, the medication he had taken the day before the hearing at the time of the hearing. While Ries attempted to change the basis for his motion after this testimony was given, asserting that he was in too much pain to understand the consequences of entering guilty pleas, it is clear that the court did not find him credible. We conclude that the District Court did not abuse its discretion in refusing to allow Ries to withdraw his guilty pleas on the basis that his medication or pain made him unable to understand the consequences of his actions at the time he entered those pleas.

Ries also argues that the District Court abused its discretion in denying his motion to withdraw pleas on the basis that prosecutorial misconduct resulted in involuntary guilty pleas. It

5

is true that a valid guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant as affirmatively disclosed by the record." State v. Lance (1982), 201 Mont. 30, 34-35, 651 P.2d 1003, 1005.

Again, as summarized above, the transcript of the change of plea hearing established such a voluntary choice. In addition, Ries responded negatively to the court's inquiry whether anyone forced him to enter into the plea agreement.

Ries now asserts, however, and testified during the hearing on his motion, that during a conversation between himself and the prosecutor at the jail, the prosecutor screamed at him and threatened him with up to 400 years' imprisonment, the bringing of the additional charges, and maximum sentences on those charges, if Ries refused to accept the plea arrangement and change his pleas to guilty. He testified that because of the prosecutor's hostility, he was overwhelmed and felt compelled to sign the agreement to avoid the dire consequences with which he was being threatened.

Nothing of record from the change of plea hearing supports these assertions. In addition, Ries' defense counsel at the time of the plea agreement and change of pleas testified at the hearing on the motion to withdraw the guilty pleas. That counsel testified that he was present at the jail meeting between Ries and the prosecutor and, in fact, that he had invited the prosecutor to the jail for the conversation. Counsel testified specifically that the prosecutor followed standard procedures in explaining the proposed plea agreement, used a normal tone of voice and was not hostile to

6

Ries. Nothing on this record mandates a conclusion that Ries' guilty pleas were involuntary and, therefore, invalid. We conclude that the District Court did not abuse its discretion in refusing to allow Ries to withdraw his guilty pleas on grounds of prosecutorial misconduct.

AFFIRMED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

March 19, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Brett C. Asselstine
Attorney at Law
410 Central Avenue, Ste 606
Great Falls, MT  59403-1567


Hon. Joseph P. Mazurek, Attorney General
Patricia J. Jordan, Assistant
215 N. Sanders, Justice Bldg
Helena, MT 59620


Patrick L. Paul
Cascade County Attorney
Cascade County Courthouse
Great Falls, MT  59401


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
  Deputy