NO.   93-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

  -v-

KENNETH ANTHONY ALLEN,

      Defendant and Appellant.

FILED

JUN 21 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Joseph Massman, Massman Law Office, Helena, Montana
Jerry Strauss, Strauss Law Firm, Minneapolis,
Minnesota

    For Respondent:

        Joseph P. Mazurek, Attorney General; Elizabeth L.
Griffing and John P. Connor, Jr., Assistants
Attorney General, Helena, Montana; Chris Miller,
Powell County Attorney, Deer Lodge, Montana


Submitted on Briefs:   April 7, 1994

Decided:   June 21, 1994

Filed:

_____

Clerk

Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the denial of Appellant Allen's motion to withdraw guilty plea by the Third Judicial District Court, Powell County. We affirm.

We consider the following issue on appeal:

Did the District Court abuse its discretion in denying Allen's motion to withdraw his guilty plea?

This action arises out of the 1991 prison riot at the Montana State Prison in Deer Lodge. Kenneth Allen (Allen) was one of a dozen inmates who were charged with burglary and homicide following the riot in which five inmates were killed.

On February 3, 1992, the State charged Allen with two counts of kidnapping, one count of burglary, and five counts of deliberate homicide based upon the theory of the felony murder rule. Trial began on September 14, 1992, and proceeded for several days, Witnesses testified that they had seen Allen involved in the riot and assault on inmates. On September 16, 1992, Allen entered an Alford plea pursuant to Alford v. North Carolina (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. In his plea, Allen pleaded guilty to one count of mitigated deliberate homicide pursuant to a plea agreement with the State. All other counts were dismissed.

A pre-sentence report recommended a 40 year sentence without parole to run consecutively to Allen's current prison term. As part of the plea agreement, the State agreed not to recommend that the court impose any particular sentence.

On January 25, 1993, Allen moved the court to withdraw his

guilty plea.  The court held a hearing on March 19, 1993, and denied Allen's request. Following the hearing, the court sentenced Allen to 25 years,  to run consecutively to Allen's current sentence.

On April 5, 1993, the District Court issued its findings of fact and conclusions of law stating that even though § 46-18-401(5), MCA,  required a mandatory consecutive sentence for Allen, the court had not used that statute as a basis upon which to sentence Allen.  The court stated that because Allen had a lengthy history of criminal violence, it was forced by the serious present circumstances to assign a consecutive sentence.  Thus, the court stated that Allen's understanding of § 46-18-401(5),  MCA, is irrelevant because Allen's own affidavit acknowledges that he understood that a consecutive sentence was a possibility.

Allen appealed the court's decision.

Did the District Court abuse its discretion in denying Allen's motion to withdraw his guilty plea?

At the heart of the controversy in this case is § 46-18-401(5), MCA, which states in part that:

> Consecutive sentences. (5)  Except as provided in this subsection,  whenever a prisoner  is sentenced for an offense committed while he was imprisoned in the state prison or while he was released on parole or under the supervised release program,  the new sentence runs consecutively  with  the remainder of  the original sentence. . . .

Allen claims that he did not know of the mandatory "consecutive" sentence provision in this statute and,  therefore,  must be permitted to withdraw his guilty plea.  Allen argues that his

counsel did not inform him of this mandatory consecutive sentence and he received, therefore, ineffective assistance of counsel. Further, Allen contends that he was under the impression that the court had discretion to make the sentence concurrent or consecutive.

The State contends that Allen had been advised of the mandatory nature of the consecutive sentence and that the District Court's in-court interrogation of the defendant following the guilty plea was sufficient.

The record demonstrates that prior to entering his guilty plea, Allen had actual notice of the fact that his sentence in this case would be served consecutively to his current sentence. On March 19, 1993, at the hearing on Allen's motion to withdraw his guilty plea, defense counsel Strauss stated on the record:

> We did, in fact, discuss consecutive sentencing in chambers with the court before we entered the plea bargain, and we did, in fact, mention it with Mr. Allen before he entered his plea, all though [sic] the case law makes clear that the notion of the consecutive sentencing should be clear on the district court's interrogation. And it is to that extent . . .

When advised by Allen that he was not told by counsel of the mandatory consecutive sentence, the judge proceeded to engage in his own recollection of what occurred. He remembered that the consecutive nature of Allen's sentence had been discussed in chambers and counsel had then left to inform Allen. When asked by Allen's counsel not to rely on his memory, but on Allen's, the judge then questioned counsel specifically:

> "I'm asking you did you say it [tell Allen that the sentence had to be consecutive]?"

4

Counsel's on-the-record reply was:

"My recollection is that we had that discussion."

Further, both Allen's attorneys stated that they remembered informing Allen of the consecutive sentence. Subsequently, both attorneys attempted to fall on the sword by arguing to the court that it should not rely on its own or counsels' memories, but on Allen's. We conclude that the record shows that Allen knew about the consecutive sentence.

We note that Montana law requires that the withdrawal of a guilty plea may be made upon a showing of "good cause." Section 46-16-105, MCA. The discretionary nature of this statute has been recognized in a long line of cases in which we have stated that we will not overturn a district court's decision to permit or deny withdrawal of a guilty plea unless the court has abused its discretion. State v. Ries (1993), 257 Mont. 324, 849 P.2d 184. We have further defined a valid plea by stating that such a plea is one that is made voluntarily and intelligently from the alternative courses open to the defendant as affirmatively disclosed by the record. State v. Lance (1982), 201 Mont. 30, 651 P.2d 1003.

In assessing "good cause" to withdraw a guilty plea, this Court will evaluate three specific circumstances from the facts surrounding the case: 1) the adequacy of the district court's interrogation at the time the plea was entered as to the defendant's understanding of the consequences of the plea; 2) the promptness with which the defendant attempted to withdraw the prior plea: and 3) the fact that the defendant's plea was the result of

5

the plea bargain.  State v. Bull Coming (1992), 253 Mont. 71, 831 P.2d 578.

Concerning element one, the transcript shows that the judge was very thorough when questioning Allen.  The transcript of the hearing following Allen's guilty plea shows that the court carefully questioned him concerning the sufficiency of his legal counsel, his feelings concerning his decision, his lack of alcohol or drug influence, his understanding of the nature of the mitigated deliberate homicide charge, the consequences to pleading guilty to this charge, the fact that the judge would not be bound by any kind of recommendation from the parties, his understanding of the loss of his rights in a trial situation.  The court also had Allen confirm the reason why he felt he was guilty of one count of mitigated deliberate homicide.  Within the court's detailed questioning of Allen, the court explicitly informed Allen that the sentence carried a maximum term of 40 years.  The judge then informed Allen that as the sentencing judge he could put any restrictions on a possible parole that he wished and that he would not be bound by any suggestions from anyone.  Further, the court explained in great detail what a guilty plea meant to Allen in terms of foregoing rights such as confrontation of witnesses against him.

In the present case, the court specifically told Allen that he could be denied parole totally and as a consequence would have to serve all 40 years,  or that he could be labeled a dangerous offender and that if so designated he would have to serve 20 of the

6

40 years for the offense. The court clearly informed Allen that it was under no responsibility to accept the conditions of the plea agreement reached by the parties. We conclude that the District Court sufficiently interrogated and informed Allen of the ramifications of his guilty plea. We further conclude that Allen had actual knowledge of the mandatory consecutive requirements of § 46-18-401(5), MCA, and therefore did not have good cause to withdraw his plea. We hold that the District Court's denial of Allen's motion to withdraw his guilty plea should be affirmed because it was not an abuse of discretion. We take this opportunity to point out that sentencing courts can avoid this battle by advising defendants of the requirements of § 46-18-401(5), MCA, as part of an interrogation.

We hold that the District Court did not abuse its discretion in denying Allen withdrawal of his guilty plea.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

7

June 21, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Joseph Massman
MASSMAN LAW OFFICE
P.O. Box 804
Helena, MT 59624

HON. JOSEPH P. MAZUREK, Attorney General
Jennifer Anders and John P. Connor, Jr., Assistants
Justice Bldg.
Helena, MT 59620

Chris Miller, County Attorney
Powell County Courthouse
313 Missouri Ave.
Deer Lodge, MT 59722


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy