**UNITED STATES of America, Plaintiff,**

v.

**Douglas Gary HOUSLEY, Defendant.**

**No. CR–R–82–2–ECR.**

United States District Court,
D. Nevada.

Dec. 11, 1990.

Anthony White, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Douglas Gary Housley, Sheridan, Or., pro se.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

This Court's Order, dated December 3, 1990, is hereby amended to read as follows:

On March 28, 1990, defendant moved this Court (document # 428) to dismiss the indictment against him. Defendant argues that methamphetamine is not a Schedule II controlled substance because two products containing methamphetamine were approved for over-the-counter sale by the Food and Drug Administration (the "FDA").

The indictment should not be dismissed. At the time the crimes were committed, and at the time of the return of the Second Superseding Indictment, methamphetamine was a Schedule II controlled substance.

The designation under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301–392, of the products Rynal and Vicks Inhaler as substances which may be sold over the counter without a prescription does not result in the exclusion of methamphetamine from Schedule II, even though these products may contain methamphetamine. The substance comprised by each of these products may be sold over the counter and such products would be subject to exclusion from Schedule II in accordance with 21 U.S.C. § 811(g)(1).

However, methamphetamine is only one ingredient of the substances in question. It is ludicrous to believe that authorization for sale over the counter of a product containing a small amount of a controlled substance renders that controlled substance lawful and exempt from the schedules in all forms.

A product may contain many substances. Coca-cola once contained a small amount of cocaine. Yet both Congress and the FDA recognize that substances are to be judged as a whole, and not merely by whether or not they contain one ingredient. For example, the original schedules *set by Congress* classify different concentrations of certain drugs differently. *See, e.g.,* 21 U.S.C. § 812 Schedules III(d)(1), V(1) (codeine). Similarly, the FDA often permits only certain concentrations of drugs to be sold over the counter. *See, e.g., National Nutritional Foods Ass'n v. Weinberger,* 366 F.Supp. 1341 (S.D.N.Y.1973), *aff'd,* 491 F.2d 845 (vitamins A and D).

The Attorney General excluded two individual branded products, which contain methamphetamine in specific forms (a spray and an inhaler) and specific concentrations, from the schedules. He did not in any manner thereby exclude methamphetamine in any other form from the schedules. Nor was he required to do so. As is stated by Government counsel, it is clear that Congress did not intend that because certain inert or non-abusive forms of methamphetamine, approved by the FDA, could be sold over the counter, all forms of methamphetamine are excluded from the criminal schedules of controlled substances.

IT IS, THEREFORE, HEREBY ORDERED that defendant's motion to dismiss the indictment is DENIED.