972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Kevin M. RIGGS, Defendant-Appellant.
 No. 91-55928.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 16, 1992.
 
 Before CHAMBERS, SNEED and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Kevin M. Riggs appeals the denial of his Section 2255 petition, arguing that his conviction for the use and carrying of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) is invalid because methamphetamine is not a controlled substance. He also makes a constitutional claim, arguing that his equal protection and due process rights were violated by the district court's refusal to grant an evidentiary hearing on the issue of whether methamphetamine is a controlled substance. We affirm.
 
 
 3
 The government first contends that Riggs has waived all rights of appeal by entering into a plea agreement which stipulated a waiver of the right to appeal. Relying on United States v. Bolinger, 940 F.2d 478, 482 (9th Cir.1991), and United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), the government argues that a pre-trial waiver of appeal precludes any appeal other than one alleging that the sentence imposed is not in accordance with the negotiated agreement. Since Riggs makes no such allegation, the government argues that this court is foreclosed from reviewing this case.
 
 
 4
 It is true that a guilty plea generally precludes assertions of constitutional violations arising before the plea unless a defendant relied on the advice of incompetent counsel. Tollett v. Henderson, 411 U.S. 258, 267 (1973); McMann v. Richardson, 397 U.S. 759, 768-771 (1970). Nevertheless, we do not read Bolinger and Navarro-Botello to limit collateral attacks only to claims that the government breached the plea agreement. Charges that "the applicable statute is unconstitutional or that the indictment fails to state an offense" are jurisdictional claims that go to the heart of a court's power to hear a case, and cannot be waived by a plea agreement. United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991) (defendant's jurisdictional claim is not waived by a guilty plea). United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended at 907 F.2d 115 (9th Cir.1990) Accordingly, we conclude that appellate review of Riggs' claims is proper.
 
 
 5
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). The decision to deny an evidentiary hearing is reviewed for abuse of discretion. United States v. Watts, 841 F.2d 275, 277 (9th Cir.1988).
 
 
 6
 The district court did not err by finding methamphetamine to be a controlled substance applicable to Riggs' 18 U.S.C. § 924(c)(1) conviction. That methamphetamine is a Schedule II controlled substance is well established law in this court. United States v. Kendall, 887 F.2d 240 (9th Cir.1989). In United States v. Durham, 941 F.2d 886 (9th Cir.1991), this court considered and rejected the arguments made by Riggs in this case. The fact that small amounts of methamphetamine or its chemical equivalent may be found in over-the-counter commercial products does not automatically render methamphetamine exempt from the Controlled Substance Act. Indeed, it is " 'ludicrous to believe that authorization for sale over-the-counter of a product containing small amounts of controlled substance renders that controlled substance lawful and exempt from the schedule in all forms.' " United States v. Caperell, 938 F.2d 975, 979 (9th Cir.1991) (quoting United States v. Housley, 751 F.Supp. 1446, 1447 (D.Nev.1990)).
 
 
 7
 By pleading guilty and waiving his right to appeal, Riggs has foreclosed his right to appeal the district court's denial of an evidentiary hearing. Even if we were to address the merits of Riggs' evidentiary claim, we would not find his arguments to be persuasive. When pertinent facts are not in dispute, a denial of an evidentiary hearing is entirely proper. McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir.1991). Here, no factual issues are in dispute. Both parties agree that methamphetamine is involved in this case. Whether metamphetamine is properly classified as a Schedule II controlled substance is a legal determination which the district court had the authority to make without an evidentiary hearing.
 
 
 8
 For these reasons, the district court's denial of Riggs' Section 2255 petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3