05-728

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 36

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT R. MILLIGAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 03-600
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Sheri K. Sprigg, Assistant Attorney
General, Helena, Montana

          Brant Light, Cascade County Attorney; Marvin Anderson, Jr., Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  March 14, 2007

Decided:  February 5, 2008

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Robert R. Milligan appeals from a judgment in the Eighth Judicial District Court, Cascade County, committing him to the Montana Department of Corrections for five years, suspended, and requiring him to pay $55,404.65 in restitution. We affirm.

¶2    Milligan appeals the amount of back child support he was ordered to pay as restitution, arguing that when he entered his guilty plea he thought he would not have to pay more than approximately $45,000.

¶3    On December 3, 2003, the State charged Milligan with felony nonsupport in violation of § 45-5-621, MCA.  The Information and affidavit in support of the motion for leave to file the Information alleged that between September 1, 1997, and September 30, 2003, Milligan had failed to provide $45,269.16 in financial support to his dependant minor children, that he knew he was legally obligated to provide support, and that he was capable of providing support.  The Information alleged the cumulative amount of support owed by Milligan for the specified time period was more than $45,000.

¶4    Milligan pled not guilty to the charge.  He later changed his plea to guilty pursuant to a plea bargain agreement.  In exchange for his guilty plea, the State agreed to recommend a five-year commitment to the Department of Corrections with all the time suspended and reserved the right to recommend that Milligan be ordered to pay full restitution.

¶5    A change of plea hearing was held October 5, 2005.  When questioned by the District Court, Milligan said that he knew he was required to pay support and he had not done so.  Milligan also told the District Court that he understood that the court could require

2

him to pay the support that he owed. The District Court took Milligan's guilty plea under advisement and set a sentencing hearing for November 16, 2005.

¶6    A presentence investigation report (PSI) was prepared and filed with the District Court on October 25, 2005. A copy was served on Milligan. The PSI stated: "As of October 24, 2005, the Defendant owes: $55,404.65 to: Child Support Enforcement Division[.]" Also attached to the PSI was a copy of the affidavit in support of the Information which said that Milligan owed $45,269.16.

¶7    At the sentencing hearing held approximately three weeks after he had received a copy of the PSI, Milligan acknowledged he had reviewed it. He brought to the court's attention the fact that the PSI and the attached affidavit indicated different amounts owing in restitution. Milligan questioned whether $55,404.65 was the correct amount, in part because his children were both over the age of 18. The State responded that $55,404.65 was the amount of restitution owing at that time and that amount had been adjusted to account for the children reaching 18 years of age.

¶8    The District Court accepted the State's recommendation and committed Milligan to the Department of Corrections for five years with all remaining time suspended. The court also ordered Milligan to pay $55,404.65 in back child support as restitution.

¶9    Milligan now appeals the District Court's judgment fixing the amount he owes in restitution at $55,404.65. He states that he was misled into pleading guilty by the statements in the affidavit in support of the Information and the Information itself which told him he only owed approximately $45,000. Milligan does not challenge the calculation of the

3

amount of restitution, nor does he ask that his guilty plea be withdrawn. He only demands that the restitution order be vacated.

¶10    The essence of Milligan's claim is that he did not knowingly and intelligently plead guilty because he did not know he could be ordered to pay so much restitution. A defendant's guilty plea must be voluntary, knowing, and intelligent. *State v. Chase,* 2006 MT 13, ¶ 13, 331 Mont. 1, ¶ 13, 127 P.3d 1038, ¶ 13; *State v. Radi*, 250 Mont. 155, 159, 818 P.2d 1203, 1206 (1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970)). The question of a plea's voluntariness is a mixed question of law and fact, and we review such questions *de novo,* determining whether the district court's holding was correct. *State v. Warclub,* 2005 MT 149, ¶ 24, 327 Mont. 352, ¶ 24, 114 P.3d 254, ¶ 24. This Court deems a guilty plea involuntary where it appears that the defendant was laboring under such a strong inducement, fundamental mistake, or serious mental condition that the possibility exists that he may have pled guilty to a crime of which he is innocent. *Chase*, ¶ 15; *State v. Ereth,* 1998 MT 197, ¶ 27, 290 Mont. 294, ¶ 27, 964 P.2d 26, ¶ 27 (citations omitted); *see also State v. Pelke*, 143 Mont. 262, 271, 389 P.2d 164, 169 (1964).

¶11    Milligan says that when he pled guilty he was under the belief that he owed only about $45,000 in restitution because that was the amount in the Information, the affidavit in support of the motion to file the Information, and the amount discussed by the District Court at the change of plea hearing. Thus, he argues the District Court erred in imposing $55,404.65 in restitution because he had never been apprised that he owed more than $45,000.

4

¶12 The record reflects that throughout the proceedings Milligan was on notice that he was liable for "full restitution." The Information stated that the $45,000 owing was for the time period of non-payment between September 1, 1997, and September 30, 2003. It cannot be gainsaid that the amount Milligan owed would increase if he persisted in not paying support. The binding plea agreement between Milligan and the State specifically says that the county attorney "may recommend full restitution . . . ." At the change of plea hearing, although the District Court did make reference to the $45,000 figure, the judge specifically said to Milligan: "And the [c]ourt can require you to pay the nonsupport that's owing; do you understand that?" Milligan responded, "Yes, I understand that."

¶13 Near the close of the change of plea hearing, the District Court told Milligan it intended to make him comply with the PSI. The PSI, which was filed on and served October 25, 2005, three weeks before the sentencing hearing, indicated that as of October 24, Milligan owed $55,404.65. Milligan had ample notice prior to the sentencing hearing, not only that he might be subject to paying full restitution, but also that full restitution was going to be more than the $45,000 amount listed in the charging documents filed almost two years earlier.

¶14 The Ninth Circuit case, *Phillips v. U.S.*, 679 F.2d 192 (9th Cir. 1982), Milligan relies upon, is inapposite. In *Phillips*, the defendant had signed a stipulation to pay a specific sum in restitution. The specific amount of restitution became, in effect, a basis of the plea bargain agreement. Here, neither Milligan nor the court specified the exact amount of restitution. To the contrary, the agreement required full restitution.

¶15 Milligan also relies on *State v. Steffes*, 269 Mont. 214, 887 P.2d 1196 (1994), for the proposition that because the Information indicated he owed $45,000, he was not properly notified that he might be subject to a greater amount of restitution. It is true that one of the primary functions of an information is to "'reasonably apprise the person of the charges against him so that he may have an opportunity to prepare his defense.'" *Steffes*, 269 Mont. at 223, 887 P.2d at 1202 (quoting *State v. Matt*, 245 Mont. 208, 213, 799 P.2d 1085, 1088 (1990)). In this case, however, Milligan was reasonably apprised of the charges against him, and the very wording of the Information states that the $45,000 figure only pertains to the period of time from September 1, 1997, to September 30, 2003. The Information and supporting affidavit notified Milligan that he owed approximately $45,000 in restitution for the specified time period. When the Information and affidavit are considered in conjunction with the plea agreement, the statements of the District Court at the change of plea hearing, and the PSI, Milligan was reasonably notified that he could be required to pay the full amount of restitution owed. Milligan was not laboring under a fundamental mistake when he plead guilty, and his plea was not involuntary.

¶16 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

6