

DA 07-0143

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 242

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

CHARLES V. DESERLY,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-2006-013
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General; Jesse A. Laslovich,
Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, Hill County Attorney; Gina Bishop, Deputy County
Attorney, Havre, Montana

Submitted on Briefs:  January 23, 2008

Decided:  July 8, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Charles Deserly appeals from the judgment of conviction entered by the District Court for the Twelfth Judicial District, Hill County, on his plea of guilty to assault with a weapon. We reverse and remand for further proceedings consistent with this Opinion.

## BACKGROUND

¶2 On February 1, 2006, officers with the Havre Police Department responded to a report of disturbance in a residence. Upon arriving, they encountered an upset girl who stated that a man had tried to kill her. The girl identified Deserly as the assailant and indicated that he was still inside the residence. The officers then spoke with the girl's mother, who stated that Deserly had "pulled a knife on my girl." The officers located Deserly in the bathroom, where he had apparently pulled a knife on a second individual. The officers eventually subdued Deserly and placed him under arrest.

¶3 The State charged Deserly with two counts of felony assault with a weapon, in violation of § 45-5-213(1), MCA (2005). A person convicted of this offense may be imprisoned in the state prison for a term not to exceed 20 years. Section 45-5-213(2)(a), MCA. On August 21, 2006, Deserly and the State entered into a plea agreement, pursuant to which Deserly agreed to plead guilty to one count of felony assault with a weapon, and the State, in exchange, agreed to dismiss the second assault charge and forego a bail-jumping charge. In addition, the State agreed to recommend commitment to the Department of Corrections ("DOC") "for a period of ten (10) years," and Deserly acknowledged that he would be designated a persistent felony offender.

2

¶4     The District Court accepted Deserly's guilty plea and ordered a presentence investigation. The court also scheduled a bond-reduction hearing, at which time the court released Deserly on a number of conditions. On September 5, 2006, the State filed a Petition for Revocation of Release, alleging that Deserly had violated the terms and conditions of his release. Meanwhile, the probation/parole officer preparing the presentence investigation report ("PSI") determined that a commitment to the DOC "for a period of ten (10) years," which Deserly and the prosecutor had agreed to recommend at sentencing, was not allowed by statute. Pursuant to § 46-18-201(3)(d)(i), MCA, "all but the first 5 years of [a] commitment to the department of corrections must be suspended." Thus, a commitment to the DOC "for a period of ten (10) years" was not a sentence that the District Court could impose. Until the probation/parole officer filed the PSI on September 21, 2006, it appears that the prosecutor, defense counsel, Deserly, and the trial judge were not cognizant of this fact.

¶5     At the sentencing hearing on September 27, 2006, the State announced that it was withdrawing from the plea agreement based on Deserly's violation of the conditions of his release. At the same time, Deserly stated that he wanted to withdraw his guilty plea. As he later explained in his written motion to withdraw his guilty plea, he had "entered into the plea bargain unaware of the fact that he could not get the benefit of the bargain - a sentence the Court could not impose under Montana law." He argued on this basis that good cause existed for the District Court to permit the withdrawal of his guilty plea. The court denied Deserly's motion.

¶6 The District Court entered judgment on January 3, 2007. The court adjudged Deserly guilty of felony assault with a weapon and designated him a persistent felony offender. The court sentenced Deserly to the Montana State Prison for a period of fifteen years with five years suspended. Deserly now appeals.

## ISSUES

¶7 Deserly sets forth three issues on appeal, which we restate as follows:

1. Did the District Court err in denying Deserly's motion to withdraw his guilty plea?

2. Was the factual basis for Deserly's guilty plea sufficient?

3. Did Deserly receive ineffective assistance of counsel because his lawyer advised him to enter into a plea bargain that contemplated an illegal sentence?

¶8 Because we reverse the District Court's judgment under Issue 1, we do not address Issues 2 or 3.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a motion to withdraw a guilty plea de novo. *State v. Warclub*, 2005 MT 149, ¶ 17, 327 Mont. 352, ¶ 17, 114 P.3d 254, ¶ 17. The question of whether a plea was entered voluntarily is a mixed question of law and fact, which we review de novo. *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, ¶ 8, 176 P.3d 1057, ¶ 8.

## DISCUSSION

¶10 ***Did the District Court err in denying Deserly's motion to withdraw his guilty plea?***

¶11 At any time before judgment or within one year after judgment becomes final, a trial court may, "for good cause shown," permit a plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted. Section 46-16-105(2), MCA (2005). "Good cause," as used in § 46-16-105(2), MCA, includes the minimal constitutional requirement that a guilty plea be voluntary and intelligent. *See State v. Lone Elk*, 2005 MT 56, ¶¶ 13, 17, 326 Mont. 214, ¶¶ 13, 17, 108 P.3d 500, ¶¶ 13, 17. Furthermore, we determined in *Lone Elk* that "good cause" may include criteria in addition to voluntariness. *See Lone Elk*, ¶ 19 ("Involuntariness and discovery of new exculpatory evidence constitute good causes for withdrawal of a plea under § 46-16-105(2), MCA (2001), but others may exist."); *see also* § 46-16-105(2), MCA (referring to "a claim of innocence . . . supported by evidence of a fundamental miscarriage of justice").

¶12 We need not consider any additional criteria for "good cause" in the case at hand since the issue here is the voluntariness of Deserly's plea. In *Lone Elk*, we observed that this Court had been following a voluntariness standard that was *less* protective of individual rights than the United States Constitution. *See Lone Elk*, ¶ 22 (discussing *State v. Miller*, 248 Mont. 194, 810 P.2d 308 (1991)). We thus overruled that standard, under which a plea of guilty would be deemed involuntary " 'where it appears that the defendant was laboring under such a *strong inducement, fundamental mistake, or serious mental condition* that the possibility exists he may have pled guilty to a crime of which he is innocent.' " *Lone Elk*, ¶ 22 (quoting *Miller*, 248 Mont. at 197, 810 P.2d at 310) (emphasis in *Miller*). In its stead, we adopted the following standard set forth by the

Supreme Court in *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970):

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes). [Brackets in original, internal quotation marks omitted.]

*See Lone Elk*, ¶ 21 (summarizing this standard).[1]

¶13 In adopting the *Brady* standard, we also jettisoned the balancing test articulated in *State v. Huttinger*, 182 Mont. 50, 595 P.2d 363 (1979). *See Lone Elk*, ¶¶ 12, 23. Under that test, we balanced the following three factors to determine whether good cause existed

---

[1] We note here that in overruling the *Miller* standard, we did not identify all of the cases in which that standard had been set out as the applicable law. As a result, the standard has appeared in subsequent cases. Accordingly, so as to preclude any further confusion as to the proper standard for reviewing the voluntariness of a guilty plea, we explicitly overrule the following cases to the extent they may be read as supporting application of the *Miller* standard: *State v. Milligan*, 2008 MT 36, ¶ 10, 341 Mont. 316, ¶ 10, 177 P.3d 500, ¶ 10, *State v. Chase*, 2006 MT 13, ¶ 15, 331 Mont. 1, ¶ 15, 127 P.3d 1038, ¶ 15, *State v. Tweed*, 2002 MT 286, ¶ 26, 312 Mont. 482, ¶ 26, 59 P.3d 1105, ¶ 26, *State v. Kellames*, 2002 MT 41, ¶ 11, 308 Mont. 347, ¶ 11, 43 P.3d 293, ¶ 11, *State v. Sanders*, 1999 MT 136, ¶ 21, 294 Mont. 539, ¶ 21, 982 P.2d 1015, ¶ 21, *State v. Ereth*, 1998 MT 197, ¶ 27, 290 Mont. 294, ¶ 27, 964 P.2d 26, ¶ 27, *State v. Schaff*, 1998 MT 104, ¶ 33, 288 Mont. 421, ¶ 33, 958 P.2d 682, ¶ 33, *State v. Skroch*, 267 Mont. 349, 356, 883 P.2d 1256, 1261 (1994), *State v. Barker*, 257 Mont. 31, 35, 847 P.2d 300, 303 (1993), *State v. Cameron*, 253 Mont. 95, 100–01, 830 P.2d 1284, 1288 (1992), *State v. Milinovich*, 248 Mont. 373, 376–77, 812 P.2d 338, 340–41 (1991), *Benjamin v. McCormick*, 243 Mont. 252, 256, 792 P.2d 7, 10 (1990), *State v. Nelson*, 184 Mont. 491, 496, 603 P.2d 1050, 1053 (1979), *State v. Hilton*, 183 Mont. 13, 17, 597 P.2d 1171, 1173 (1979), *State v. Campbell*, 182 Mont. 521, 525, 597 P.2d 1146, 1148 (1979), *State v. Huttinger*, 182 Mont. 50, 55, 595 P.2d 363, 367 (1979), *State ex rel. Gladue v. Eighth Judicial District*, 175 Mont. 509, 511, 575 P.2d 65, 66 (1978), *State v. Griffin*, 167 Mont. 11, 18, 535 P.2d 498, 502 (1975), *State v. LeMay*, 144 Mont. 315, 320, 396 P.2d 83, 85–86 (1964), and *State v. Pelke*, 143 Mont. 262, 271, 389 P.2d 164, 169 (1964).

to permit withdrawal of a guilty plea: (1) whether the district court adequately interrogated the defendant to determine his understanding of his plea; (2) whether the defendant promptly filed his motion to withdraw the prior plea; and (3) whether the defendant's plea was the result of a plea bargain in which the prosecutor dismissed another charge. *See Lone Elk*, ¶ 11; *Huttinger*, 182 Mont. at 54, 595 P.2d at 366. This test, we noted, "neither lists all the factors [bearing on voluntariness], nor are all the factors it lists necessary." *See Lone Elk*, ¶ 14. Yet, although we "relegate[d] that test to history," we nevertheless stated that "two of the criteria from the *Huttinger* test (the adequacy of colloquy and the existence of plea bargain) bear on the question of voluntariness." *Lone Elk*, ¶ 23; *accord State v. McFarlane*, 2008 MT 18, ¶ 26, 341 Mont. 166, ¶ 26, 176 P.3d 1057, ¶ 26. We also stated that "numerous other case-specific considerations may also bear on that question." *Lone Elk*, ¶ 23. One consideration, for example, is the defendant's mental competency to enter a plea, including any medication he or she is taking. *See Lone Elk*, ¶ 21.

¶14 In the case at hand, Deserly contends that his guilty plea was not voluntary because he was induced into entering the plea "by a promise that could not be performed." Although the plea agreement stated that the sentencing judge "is not bound" by the parties' sentencing recommendation (*see* § 46-12-211(1)(c), MCA), and although the judge also advised Deserly of this fact before he entered his guilty plea, Deserly still understood that the sentence agreed upon by the parties and set out in the agreement was at least *possible*. In other words, he pleaded guilty with the expectation that the sentence not only *would* be recommended by the prosecutor and defense counsel, but also *could* be

7

imposed by the District Court; yet, it was subsequently determined that the sentence was illegal and could not be imposed. On this basis, Deserly maintains that his guilty plea was involuntary and that he should have been allowed to withdraw it.

¶15 We agree that Deserly should have been allowed to withdraw his plea. A defendant's plea is not voluntary if "the court, the prosecutor, his own counsel, or some other party, induced the plea, however slightly, by . . . misrepresentation, including unfulfilled or unfulfillable promises." *Lone Elk*, ¶ 21 (citing *Brady*, 397 U.S. at 753, 755, 90 S. Ct. at 1471–72). Here, Deserly was induced, at least in part, by the prospect of being able to receive the sentence that he and the prosecutor had negotiated and agreed to recommend. Yet, that sentence, because it was an illegal sentence, could not have been imposed by the District Court—a fact which came to the parties' attention *after* Deserly had entered his plea. It is true that, except in circumstances not at issue here, sentencing courts are not bound by plea agreements and that Deserly was advised of this fact. However, the critical issue here is the *inducement*, and it is not enough to say that Deserly knew he might not receive the specific sentence recommended by the parties. At the time he entered his guilty plea, it was reasonable for Deserly to expect that the District Court could at least consider, if not actually impose, the recommended sentence. This expectation informs the question of inducement. Notably, once he learned that the sentence was not statutorily authorized, he promptly moved the court to withdraw his guilty plea.

¶16 Our conclusion is consistent with the general rule that a defendant, who has entered a guilty plea pursuant to a plea bargain which contemplates a particular sentence,

8

is entitled to withdraw the plea if it is subsequently determined that the sentence is illegal or unauthorized. *See* Christopher Vaeth, *Guilty Plea as Affected by Fact That Sentence Contemplated by Plea Bargain Is Subsequently Determined to Be Illegal or Unauthorized*, 87 A.L.R.4th 384, 388 (1991). In *United States v. Greatwalker*, 285 F.3d 727 (8th Cir. 2002), the court stated:

> There can be no plea bargain to an illegal sentence. Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law. Thus, when a defendant has entered a plea bargain contemplating an illegal sentence, the defendant is generally entitled to withdraw the guilty plea. Because the plea bargain is based on a promise the trial court lacks authority to fulfill, and the defendant was induced to plead guilty by that promise, plea withdrawal is necessary to return the parties to their initial positions.

*Greatwalker*, 285 F.3d at 729–30 (citations omitted). Similarly, in *State v. Brown*, 606 N.W.2d 670 (Minn. 2000), the court stated:

> A guilty plea cannot be induced by unfulfilled or unfulfillable promises, including a promise of a sentence unauthorized by law. Where a sentence is illegal and therefore invalidly imposed, the voluntariness of the plea is drawn into question. But a plea agreement calling for an unauthorized sentence cannot be specifically enforced.

*Brown*, 606 N.W.2d at 674 (citations omitted). Along these same lines, the court observed in *Ford v. State*, 69 P.3d 407 (Wyo. 2003), that "[i]f the prosecutor's performance of the terms of a plea agreement is not possible, a withdrawal of the plea is the correct remedy." *Ford*, ¶ 18; *cf. Thomas v. State*, 327 So. 2d 63, 63–64 (Fla. 1st Dist. App. 1976) (holding that the defendants had bargained not just for the prosecutor's "mere act of recommending probation," but also for the court's either imposing that sentence or allowing them to withdraw their guilty pleas). Other courts are in accord with these

9

general principles. *See e.g. People v. Ramirez*, 39 Cal. Rptr. 2d 374, 384 (Cal. App. 2d Dist. 1995) ("Since defendant pleaded guilty with the understanding he would receive a seven-year sentence [which is not authorized], he must be given the opportunity to withdraw his guilty plea, if he chooses to do so."); *Shelton v. State*, 739 So. 2d 1235, 1237 (Fla. 4th Dist. App. 1999) ("[A] defendant cannot be bound to an agreement to accept an illegal sentence.").

¶17 The State asserts that Deserly's claim is "moot." The State opines that Deserly only wanted to withdraw his guilty plea because the State decided to withdraw from the plea agreement, thereby preventing him from receiving the agreed-upon sentence. According to the State, because it was entitled to withdraw from the plea agreement, "Deserly cannot now argue that his guilty plea should be withdrawn due to the illegal recommendation because once he violated his conditions of release, no Agreement existed."

¶18 That the parties were no longer bound by the plea agreement once the State withdrew from it is inapposite. The issue in this case is whether, *at the time Deserly entered his guilty plea*, he was induced to do so by any of the circumstances contemplated by *Brady* or *Lone Elk*. What occurred subsequent to Deserly's change of plea does not determine whether the plea was voluntary at the time it was entered. Thus, the fact that the State later withdrew from the plea agreement has no bearing on whether Deserly's guilty plea was voluntary.

¶19 The State also maintains that "there is nothing in the record that shows Deserly was laboring under strong inducement or fundamental mistake." As stated above in ¶ 12,

however, this is not the correct standard for determining the voluntariness of a plea. Where, as in the case at hand, a defendant is induced, "however slightly," by a misrepresentation, including an unfulfilled or unfulfillable promise, the plea is not voluntary. *Lone Elk*, ¶ 21.

¶20   Lastly, the State observes that the parties were not aware that the recommended sentence was illegal until the author of the PSI pointed out that it was not authorized by statute.  It is of no consequence, however, that the recommended sentence was not an *intentional* misrepresentation.  Deserly was induced to plead guilty by what amounts to an unfulfillable promise:  that the District Court could consider and impose the sentence which the prosecutor agreed to recommend.  Accordingly, his plea was not voluntary, and good cause existed for the District Court to permit him to withdraw his guilty plea.

¶21   Before concluding, it is necessary to acknowledge that there are exceptions to the general rule discussed above, i.e., the rule that a defendant is entitled to withdraw his guilty plea if he entered the plea pursuant to a plea bargain which contemplated a sentence subsequently determined to be illegal or unauthorized.   As described in *Greatwalker*:

> Withdrawal of the plea may be unnecessary when the agreed-on sentence exceeds the sentence authorized by law and the government accepts a sentence reduced to the legal term, when the sentence can be reconciled with the plea agreement or otherwise corrected to give the defendant the benefit of the bargain, or when the defendant is willing to accept a legal sentence in place of the promised one.

*Greatwalker*, 285 F.3d at 730.  One justification for these exceptions is the concern that, should the defendant withdraw his plea and stand trial, "the State may no longer be able

11

to produce witnesses or other evidence necessary to proceed with a prosecution." Vaeth, 87 A.L.R.4th at 388. Another rationale is the fact that the defendant may not wish to withdraw his plea. *See* Vaeth, 87 A.L.R.4th at 388, 397–404.

¶22 While it may be appropriate to adopt and apply these exceptions in some future case, we conclude that doing so here is unwarranted. Given that the State has already withdrawn from the parties' plea agreement, it is appropriate simply to return the parties to their initial positions.

## CONCLUSION

¶23 Deserly was induced to enter into the plea agreement by a misrepresentation—albeit, one which was unintentional. We conclude, therefore, that Deserly's guilty plea was not voluntary. Involuntariness constitutes good cause for withdrawal of a plea under § 46-16-105(2), MCA. *Lone Elk*, ¶ 19. Accordingly, Deserly is entitled to withdraw his guilty plea.

¶24 The District Court erred in denying Deserly's motion to withdraw his guilty plea. We reverse the District Court's judgment and remand this matter to the court with instructions to grant Deserly's motion.

¶25 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS

12