# FILED

February 3 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 08-0161

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 30N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRUCE SHARPE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2005-599
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General, Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  January 22, 2009

Decided:  February 3, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Bruce Sharpe pleaded guilty in the Fourth Judicial District Court, Missoula County, to the offense of negligent endangerment. He subsequently filed a motion to withdraw his plea, which the District Court denied. Sharpe now appeals. We affirm.

¶3    On November 27, 2005, Sharpe, his girlfriend Tracey, and his friend Michael were at Sharpe's apartment talking and watching television. At some point, Tracey's friends Jolene and Edward showed up. According to Jolene, Tracey had called her and reported that Sharpe was "out of control"; thus, Jolene and Edward went to the apartment out of concern for Tracey. Sharpe told Jolene and Edward to leave, but they initially refused to do so. Sharpe threatened Jolene with a machete, after which Jolene and Edward exited the apartment and called 911.

¶4    The State charged Sharpe with two counts of felony assault with a weapon in violation of § 45-5-213, MCA, and one count of misdemeanor obstructing a peace officer in violation of § 45-7-302, MCA. Sharpe signed an Acknowledgement of Rights form and entered pleas of not guilty. At the omnibus hearing, defense counsel gave notice that Sharpe would be asserting an affirmative defense of justifiable use of force.

2

¶5 In August 2006, Sharpe and the State entered into a plea bargain agreement under § 46-12-211(1)(b), MCA. The State agreed to reduce one of the felony assault charges to misdemeanor negligent endangerment, in violation of § 45-5-208, MCA, and Sharpe agreed to plead guilty to this charge. Furthermore, the State agreed to dismiss the two remaining charges and to recommend a specific sentence. Sharpe signed a Plea of Guilty and Waiver of Rights form, in which he provided the following factual basis for his plea: "Jolene was in my house and I had a machete in my hand and she was threatened." The District Court accepted Sharpe's guilty plea and sentenced him in accordance with the plea agreement to 12 months in the Missoula County Jail, with all but time served since November 27, 2005, suspended.

¶6 On August 22, 2007, Sharpe filed a pro se motion to withdraw his guilty plea. The District Court appointed counsel, who filed an amended motion clarifying the grounds for withdrawing the plea: the plea was involuntary and the result of ineffective assistance of counsel; the plea was not knowingly and intelligently made; Sharpe had insufficient time to consider the ramifications of the plea; Sharpe's statement in the Plea of Guilty and Waiver of Rights form was insufficient under § 46-12-212, MCA; and the colloquy conducted at the change-of-plea hearing was insufficient under § 46-12-210, MCA. The District Court denied the motion, reasoning that the Acknowledgement of Rights form, together with Sharpe's oral colloquy with the court at the change-of-plea hearing, established that the plea was voluntarily, intelligently, and knowingly made.

¶7 On appeal, Sharpe contends the District Court erred in denying his motion. He argues his plea was involuntary for four reasons: defense counsel rendered ineffective

3

assistance of counsel by failing to pursue or investigate certain exculpatory evidence; the facts Sharpe admitted to in the waiver form and at the change-of-plea hearing were not sufficient to support a finding that he was guilty of negligent endangerment; he was not advised of the potential lesser-included crime of misdemeanor assault; and he was not advised of all the rights and defenses he would be waiving by pleading guilty.

¶8 In response, the State contends that Sharpe has not shown that defense counsel's conduct fell below an objective standard of reasonableness or that he was prejudiced by counsel's allegedly deficient performance. The State also points out that Sharpe was facing two felony charges and one misdemeanor charge and that defense counsel negotiated a "highly favorable" plea agreement under which Sharpe pleaded guilty to one misdemeanor. The State also observes that Sharpe stated at the change-of-plea hearing that he was "satisfied" with the legal services he had received.

¶9 Next, the State argues that there was a sufficient factual basis for Sharpe's guilty plea. A person commits the offense of negligent endangerment by "negligently engag[ing] in conduct that creates a substantial risk of death or serious bodily injury to another." Section 45-5-208(1), MCA. The State points out that in his Plea of Guilty and Waiver of Rights, Sharpe admitted "I had a machete in my hand," which he apparently wielded in such proximity to Jolene that "she was threatened." Furthermore, Sharpe admitted to the District Court that he had "caused or created a substantial risk of causing serious bodily injury . . . through [his] negligence."

¶10 With respect to Sharpe's "lesser-included offense" argument, the State contends "[i]t is nonsensical that the court was duty bound to inform Sharpe that if he proceeded to

4

trial on the felonies it is possible he may have been convicted of a lesser included misdemeanor offense when Sharpe was already pleading guilty [pursuant to the plea agreement] to a misdemeanor offense." And with respect to Sharpe's contention that he was not advised of all the rights and defenses he would be waiving by pleading guilty, the State points out that Sharpe specifically initialed on the Plea of Guilty and Waiver of Rights form all of the rights he would be waiving. Furthermore, the State notes that at the change-of-plea hearing, Sharpe informed the court that: he was comfortable with the procedure being followed; he had had ample time to talk to his attorney and ask any questions about the case, the plea agreement, or the charge; he was satisfied with the legal services he had received; he did not feel any pressure and had not been threatened or coerced into doing anything; and he understood he had the right to go to trial if the court did not follow the plea agreement.

¶11 A court may, "for good cause shown," permit a plea of guilty to be withdrawn and a plea of not guilty substituted. Section 46-16-105(2), MCA. "Good cause" includes involuntariness of the plea, but may also include other criteria, such as ineffective assistance of counsel. *See State v. McFarlane*, 2008 MT 18, ¶ 11, 341 Mont. 166, 176 P.3d 1057; *State v. Deserly*, 2008 MT 242, ¶ 11, 344 Mont. 468, 188 P.3d 1057. Here, we conclude that Sharpe has failed to establish that he was not fully aware of the direct consequences of pleading guilty, *see McFarlane*, ¶ 17 (discussing voluntariness), or that defense counsel's conduct fell below an objective standard of reasonableness and but for counsel's deficient performance, Sharpe would not have entered his guilty plea, *see*

5

*McFarlane*, ¶ 11, and *Whitlow v. State*, 2008 MT 140, ¶¶ 10, 20, 343 Mont. 90, 183 P.3d 861 (discussing the standards for showing ineffective assistance of counsel).

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted and applied.

¶13 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE