DA 08-0527

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 214N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DOUGLAS DANIEL MEDINA, JR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-1104
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski, Assistant
          Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
          Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Ingrid Rosenquist and
          Margaret Gallagher, Deputy County Attorneys, Billings, Montana

Submitted on Briefs: June 10, 2009

Decided: June 23, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Douglas Daniel Medina, Jr. (Medina), appeals from the District Court's order denying his motion to withdraw his guilty plea. We affirm.

¶3 The State charged Medina with exploitation of an older person pursuant to § 52-3-825(3), MCA. The State and Medina entered into a deferred prosecution agreement under which Medina would pay restitution on a monthly basis to the victim. Medina failed to pay the restitution and the State filed a notice of intent to prosecute.

¶4 Medina had left the state by the time the State had filed its notice, but the State eventually located him in Tennessee. Medina agreed to return voluntarily to Montana. Medina was injured in an accident while riding a commercial bus on his return trip to Montana. Medina received treatment for his injuries and was provided with prescription medication for his pain.

¶5 By the time Medina returned to Yellowstone County, he and his counsel had entered into a change of plea agreement with the State. Medina apparently was on pain medications the day of his change of plea hearing. The court conducted a colloquy with Medina regarding the voluntariness of his plea. Medina's counsel specifically pointed out to the

2

court that Medina was on prescription medication. The court accepted Medina's plea of nolo contendere after assuring itself that Medina understood the consequences of his plea and the rights that he had agreed to forego.

¶6 Medina filed a motion to withdraw his guilty plea approximately four months later. He argued that he should be able to withdraw his plea due to the fact that the District Court had failed to conduct a proper plea colloquy after Medina had admitted to taking prescription medication. He further contended that he was not properly informed that he had a defense to the theft charge.

¶7 The reviewing court conducted a hearing on Medina's motion. The court determined that Medina had failed to establish that the District Court's plea colloquy had been inadequate. The reviewing court noted that the District Court was in the best position to judge Medina's demeanor and determine whether Medina was competent to enter his plea. The court denied Medina's motion to withdraw the guilty plea. Medina appeals.

¶8 We review de novo a district court's denial of a motion to withdraw a guilty plea. *State v. Deserly*, 2008 MT 242, ¶ 9, 344 Mont. 468, 188 P.3d 1057. We review a defendant's decision to enter a guilty plea for voluntariness. *State v. Warclub*, 2005 MT 149, ¶ 16, 327 Mont. 352, 114 P.3d 254. The voluntariness of a guilty plea presents a mixed question of law and fact that we review de novo. *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, 176 P.3d 1057. We review a court's underlying factual findings to determine if they are clearly erroneous. *McFarlane*, ¶ 8. A factual finding is clearly erroneous if it is unsupported by substantial evidence, the court misapprehended the effect of the evidence, or

3

this Court determines from reviewing the record that a mistake has been made. *McFarlane,* ¶ 8. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court's legal conclusions were correct.

¶9     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE