JUSTICE McKINNON,
specially concurring.
¶25 I agree with the Court’s holding as to Issue 1. With respect to Issue 2, however, it is unnecessary to invoke provisions of Title 28, pertaining generally to contracts, when we already have precedent clearly stating that there can be no plea bargain to an illegal sentence. State v. Deserly, 2008 MT 242, ¶ 16, 344 Mont. 468, 188 P.3d 1057, overruled on other grounds hy State v. Brinson, 2009 MT 200, ¶ 9, 351 Mont. 136, 210 P.3d 164.1 would affirm the District Court on this basis and would not apply Title 28 statutes or State v. Munoz, 2001 MT 85, *103 305 Mont. 139, 23 P.3d 922, in resolving this issue.[1]
¶26 The notion that a plea agreement is a contract subject to contract law standards is well established in our caselaw. Opinion, ¶ 17; State v. Lewis, 2012 MT 157, ¶ 16, 365 Mont. 431, 282 P.3d 679. This principle can be traced back to Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495 (1971). There, the Supreme Court held that “when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.” Santobello, 404 U.S. at 262, 92 S. Ct. at 499. We acknowledged this holding in State v. Allen, 685 P.2d 333 (Mont. 1982) (Mien II), observing that it “was based in part on analogies to contract law.” 685 P.2d at 335 (emphasis added). We noted, however, that “there appears to be a recent trend away from a strict contract characterization of a plea bargain agreement.” Mien II, 685 P.2d at 335 (citing Cooper v. United States, 594 F.2d 12 (4th Cir. 1979)). In Cooper, for example, the court explained that plea bargaining implicates constitutional rights and, thus, there is a limit on the extent to which contract law may be relied on in this context. Cooper, 594 F.2d at 15-18. More recently, the Supreme Court stated that while “plea bargains are essentially contracts,” this “analogy may not hold in all respects.” Puckett v. United States, 556 U.S. 129, 137, 129 S. Ct. 1423, 1430 (2009).
¶27 Since Mien II, and indeed Santobello, this Court and courts across the country have struggled with fitting the “broken plea bargain” into the context of contract law and defining the remedy to be allowed. E.g., Munoz, ¶¶ 12-38. In my view, because a defendant’s plea of guilty involves the waiver of various constitutional rights, a plea bargain is an agreement between the State and an individual having as its ultimate goal the advancement of criminal justice, rather than the commercial marketplace. Contract principles, which undisputedly derive from the free market and involve arm’s length transactions in the business world, are. inapt analogies of a defendant’s relationship to the State. True, the analogy may provide context to the Supreme Court’s struggle in Santobello to implant legal principles into “an essential component of the administration of justice” — i.e., plea bargaining. 404 U.S. at 260, 92 S. Ct. at 498. The constitutional *104 underpinnings to the Supreme Court’s decision, however, are beyond dispute. “[A] guilty plea is a serious find sobering occasion inasmuch as it constitutes a waiver of the fundamental rights to a jury trial, to confront one’s accusers, to present witnesses in one’s defense, to remain silent, and to be convicted by proof beyond all reasonable doubt.” Santobello, 404 U.S. at 264, 92 S. Ct. at 500 (Douglas, J., concurring) (citations omitted). Use of contract law to define the rights and relationship between the State and the defendant ignores the fact that a conviction founded on an improperly induced guilty plea deprives the plea of its constitutionally required voluntariness. Brinson, ¶ 8.
¶28 1 agree, therefore, with our prior observations that “prosecutors must meet strict and meticulous standards of both promise and performance relating to plea agreements, because a guilty plea resting on an unfulfilled promise in a plea bargain is involuntary and prosecutorial violations, even if made inadvertently or in good faith to obtain a just and mutually desired end, are unacceptable.” State v. Rardon, 2002 MT 345, ¶ 18, 313 Mont. 321, 61 P.3d 132 (brackets and internal quotation marks omitted); accord State v. LaMere, 272 Mont. 355, 359, 900 P.2d 926, 929 (1995); State v. Alien, 197 Mont. 64, 69, 645 P.2d 380, 382 (1981) {Allen l).[2] However, addressing the enforceability of a plea agreement based on strict adherence to contract principles can be misleading and may cause us to lose sight of the fundamental principle recognized in Santobello: that the defendant must be treated with fairness throughout the process. 404U.S. at 261, 92 S. Ct. at 498.[3] I believe strongly that the law of contracts is inadequate to define the limits of a defendant’s constitutional rights, and I find the use of contract principles to resolve the instant dispute inappropriate.
¶29 Indeed, as stated at the outset, resort to Title 28 and the *105 principles of contract law discussed in Muñas is unnecessary. Cleveland’s arguments for specific performance pertain to plea agreements contemplating lawful sentences where the prosecutor breached his obligations under the plea agreement, which is not the situation here. This case instead involves a plea bargain to an illegal sentence. Our precedent already recognizes that “ ‘[t]here can be no plea bargain to an illegal sentence. Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law.’ ” Deserly, ¶ 16 (quoting United States v. Greatwalker, 285 F.3d 727, 729-30 (8th Cir. 2002)). “ ‘[A] plea agreement calling for an unauthorized sentence cannot be specifically enforced.’ ” Deserly, ¶ 16 (quoting State v. Brown, 606 N.W.2d 670, 674 (Minn. 2000)). Furthermore, because a guilty plea cannot be induced by unfulfillable promises, the voluntariness of the plea is drawn into question where the plea agreement contemplates a sentence unauthorized by law. Deserly, ¶ 16. If a plea bargain is based on a promise that the trial court lacks authority to fulfill, and the defendant was induced to plead guilty by that promise, then the defendant is entitled to withdraw the plea and the parties are returned to their initial positions. Deserly, ¶ 16.
¶30 Given our adoption in Deserly of the foregoing well-recognized principles, it is not necessary, or advisable, to apply Title 28 statutes in resolving the instant appeal. The presentence investigation revealed that Cleveland has a prior felony conviction. Thus, upon learning that the sentence contemplated by the parties in the plea agreement is illegal, the District Court gave Cleveland the option of withdrawinghis guilty plea at the June 4,2013 sentencing hearing (a critical fact that we have failed to mention in our Opinion). The District Court advised Cleveland that if he chose not to withdraw his guilty plea, the court would impose a suspended sentence rather than a deferred sentence. Cleveland, after being properly advised, stated: “[N]o, I wouldn’t withdraw my guilty plea, because obviously, I did the crime. So there’s no point in dragging that out any longer.” Cleveland instead chose to insist on specific performance of the plea agreement, which the District Court correctly determined was not an option.
¶31 I would affirm the District Court based on the rationale that there can be no plea bargain to an illegal sentence, Deserly, ¶ 16, and that Cleveland declined to withdraw his plea when given the opportunity to do so. I therefore specially concur as to Issue 2.

 The legality of the sentence was not at issue in Munoz. The State had recommended a sentence different from what had been agreed upon in the plea agreement. The State conceded breach of the plea agreement, and the issue concerned the proper remedy. Munoz, ¶¶ 3-11.

 Allen I is also reported at 199 Mont. 204,209.

 See also Cooper, 594 F.2d at 15-16 (“Both before and since Santobello, the courts have understandably drawn heavily on the ready analogies of substantive and remedial contract law to Bupply the body of doctrine necessary to order plea bargaining practices and to afford relief to defendants aggrieved in the negotiating process. To the extent therefore that there has evolved any general body of “plea bargain law,’ it is heavily freighted with these contract law analogies. When Santobello made it plain, however, that the core concept here is the existence of a constitutional right in the defendant to be treated with Taimess’ throughout the process, this presaged inevitably the question of the extent to which contract law may be drawn upon to define the limits of this constitutional right.” (footnote omitted».